# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | 7:13-cv-00401 |
| | ) | |
| | ) | Case No. 1:10CR00049 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JED MICHAEL MILHORNE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

Defendant Jed Michael Milhorne has filed a pleading that he styles as a "MOTION FOR A MODIFICATION OF JUDGMENT." Specifically, Milhorne moves the court to order Bureau of Prisons ("BOP") personnel to stop making Milhorne pay more per month toward his restitution than the Judgment directs. After review of Milhorne's submission, I construe it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which must be summarily dismissed.


I

Milhorne was convicted in this court of several offenses related to the manufacture of methamphetamine and sentenced to 57 months in prison. The Judgment, entered May 3, 2011, ordered that Milhorne pay special assessments in the amount of $400, to be paid immediately, and restitution in the amount of

$4,740 to the Drug Enforcement Administration ("DEA"), with monthly installment payments of $25 or 50% of his income, whichever amount is less, to begin 60 days after entry of the Judgment.

In his current motion, Milhorne complains that BOP officials have ordered him to make monthly payments almost twice as high as the payments designated on the Judgment. He states that if he refuses to make these higher payments, he will be placed in "FPR Refusal Status" and his pay grade for his prison employment will be reduced from approximately $60 per month to $5.25 per month. Milhorne moves for a court order to direct BOP officials to abide by the payment schedule on the Judgment or to modify the Judgment so that his restitution payments start after his release.

II

Milhorne is challenging the implementation of the court's restitution portion of his sentence and does not seek to be released from custody or seek modification of his sentence of imprisonment. Therefore, his motion is properly brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and I will direct the Clerk to docket it as such. *See United States v. Childs*, 126 F. App'x. 96 (4th Cir. 2005) (unpublished). Such a petition must be brought in the United States district court where the defendant is confined. *In re Jones*, 226 F.3d 328, 332 (4th Cir.

2000). Because Milhorne is currently confined at a BOP facility in Kentucky, Milhorne's claim under § 2241 is not properly before this court. Accordingly, I can summarily dismiss Milhorne's § 2241 petition, or I can transfer the § 2241 petition to the appropriate court in Kentucky, if I find that course of action to be in the interest of justice. *See* 28 U.S.C. § 1406(a). Because the § 2241 petition is clearly without merit, I will summarily dismiss it.

The BOP's Inmate Financial Responsibility Program ("IFRP"), in which Milhorne has apparently agreed to participate, is a voluntary program that encourages "each sentenced inmate to meet his or her legitimate financial obligations," including restitution, by developing and following a financial plan for payments while in prison. 28 C.F.R. §§ 545.10, 545.11(a) (2013). A BOP inmate who refuses to comply with an established IFRP financial plan may lose certain privileges, including inmate pay, work and housing assignments, and eligibility for community-based programs. *See* 28 C.F.R. § 545.11(d) (2013).

Use of the IFRP under the circumstances present in Milhorne's case has been repeatedly upheld as a lawful measure. *See, e.g., Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (unpublished); Brinson v. Rivera, C/A No. 6:12-2075-DCN-KFM, 2012 WL 4589002 (D.S.C. 2012) (unpublished). I find no ground on which Milhorne is entitled to maintain the privileges he enjoys under IFRP without meeting the financial aspects of the program. Therefore, I find that

his § 2241 claim lacks merit, that transfer of the case is not warranted, and that the petition must be summarily dismissed.

A separate Final Order will be entered herewith.

ENTER: August 28, 2013

/s/ James P. Jones
United States District Judge